Filed 12/28/23  P. v. Best CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARLENE RICHARD BEST,<br><br>    Defendant and Appellant. | D082018<br><br><br>(Super. Ct. No.  SCS318714) |

APPEAL from a judgment of the Superior Court of San Diego County, Maryann D'Addezio, Judge.  Affirmed.

Stephanie A. Lickel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Darlene Richard Best of violating Penal Code,[1] section 487, subdivision (a).  The court granted probation and imposed an $820 fine pursuant to section 1465.7, subdivision (a), a $40 operations

---

[1]    Statutory references are to the Penal Code unless otherwise specified.

assessment, a $41 theft fine under section 1202.5, and a restitution fine to be determined.

Best filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Best the opportunity to file her own brief on appeal, but she has not responded.

FACTUAL BACKGROUND

Appellate counsel has provided an accurate summary of the evidence produced at trial. We will utilize that summary for background purposes.

Best moved into Continental Condominiums in 1998. After living in the property for about two weeks, Best discovered that the roof was leaking. The management company for the property made a "substandard fix" and the roof was never adequately repaired.

At some point, Best was diagnosed with multiple sclerosis. This has resulted in her fainting without warning, muscle deterioration, and loss of motor skills. In 2006, Best had to give up her job as a nurse due to the illness and was put on Social Security disability at the age of 52. As the disease progressed, Best's memory problems became more severe.

In 2012, Best requested, once again, that the Homeowner's Association (HOA) board fix the roof of her condo. The entire HOA board quit that same year. At that point, Best took over as the HOA president and was the only board member for some time.

Due to the plethora of responsibilities, Best set up automatic payments through the HOA's account for San Diego Gas & Electric (SDG&E). Some of

2

the SDG&E payments that were charged to the HOA account included Best's meter. These automatic SDG&E payments took place on November 20, 2014, January 29, 2015, March 20, 2015, and "up to 2016 sometime." In total, the payments amounted to around $4,600.

Some checks for Art's Incorporated, the company that provided the HOA with a portion of the revenue from the washing machines on the property, were deposited into Best's personal savings account at the Wells Fargo Bank. The first check, $226.75, was deposited to Best's account on September 6, 2013. The second check, $232.12, was deposited to the account on October 11, 2013. A third check, $195, and fourth check, $203, were deposited at some point between October of 2013 and January of 2015. The fifth and final check, $150.50, was deposited on January 8, 2015.

In 2015, Best opened a checking account purposed for the HOA funds at Wells Fargo Bank. On March 14, 2015, an HOA check was deposited into the checking account for $10,342.87. Other HOA checks were also deposited into the same checking account. Between March 16 and March 31, 2015, $12,210.70 was deposited into this checking account.

On March 19, 2015, Best withdrew $300 in cash from this HOA checking account. On that same day, she made an in bank branch cash withdrawal of $10,000 from the same HOA checking account. On March 30, 2015, a $200 cash withdrawal was taken from the same account.

At some point in 2015 an additional $6,585.12 worth of HOA checks were deposited into the Wells Fargo savings account belonging to Best. After that deposit, $5,018 was withdrawn from the same personal savings account. In April of 2015, there were several more withdrawals from Best's Wells Fargo savings account. Overall, in 2015, $27,658.74 was deposited into Best's personal Wells Fargo savings account and the HOA funds checking account

3

she opened and $27,133.00 was withdrawn from the same two accounts that same year.

Best resigned from the board at some point in 2015, due to the stress of the position.  On December 5, 2017, two members of the HOA board reported Best's alleged embezzlement.

On November 12, 2019, the first criminal complaint was filed against Best.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error.  To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified possible issues that were considered in evaluating the potential merits of this appeal:  (1) Was the charge under section 487, subdivision (a) within the statute of limitations; (2) Did the giving of jury instructions CALCRIM Nos. 1802 and 3501 cause jury confusion; (3) Did the trial court abuse its discretion in permitting testimony of the forensic expert; (4) Was defense counsel's failure to introduce medical expert testimony constitute ineffective assistance of counsel; and (5) Did the trial court abuse its discretion in denying Best's request to reduce the felony charge to a misdemeanor.

We have reviewed the record for error as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Best on this appeal.

4

DISPOSITION

The judgment is affirmed.

                                                    HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

5